IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROXANNE ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-29 |
| | ) Judge Nora Barry Fischer |
| UPMC PRESBYTERIAN SHADYSIDE and | ) |
| INFECTIOUS DISEASE CONNECT, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

I. **INTRODUCTION**

In this employment law case, Plaintiff Roxanne Robinson ("Robinson" or "Plaintiff") has filed a Motion for Relief from Taxation of Costs. (Docket No. 111). The Court has received and reviewed her Brief in support, (Docket No. 112), and the Brief in Opposition filed by Defendant University of Pittsburgh Medical Center Presbyterian Shadyside ("UPMC"), (Docket No. 114). After careful consideration of the parties' arguments and the evidence presented in light of the standards governing motions for relief from taxation of costs, and for the following reasons, Plaintiff's motion [111] is denied.

II. **BACKGROUND**

Robinson filed a complaint against Defendants UPMC and Infections Disease Connect ("ID Connect") alleging race and age discrimination and retaliation for complaining about the same. (Docket Nos. 1, 29). After discovery, the parties filed cross motions for summary judgment. (Docket Nos. 61, 65, 69). The Court denied Plaintiff's motion and granted, in part, and denied, in part, Defendants' motions on February 22, 2024. (Docket Nos. 106–08). Ultimately, the Court

1

entered summary judgment in favor of the Defendants and against Plaintiff as to all of the claims arising under federal law and dismissed all state law claims without prejudice. (Docket No. 108).

Defendant UPMC then filed a Bill of Costs requesting $2,002.68 for deposition transcripts. (Docket No. 109). The Clerk of Court ("the Clerk") taxed costs in the amount of $1,982.68 in favor of Defendant UPMC and against Plaintiff on May 15, 2024. (Docket No. 110). Seven days later, Plaintiff timely filed her Motion for Relief from Taxation. (Docket No. 111); *see* Fed R. Civ. P. 54(d)(1)(mandating "[o]n motion served within the next 7 days, the court may review the clerk's action."). UPMC subsequently filed its response in opposition. Neither party has sought leave for any additional briefing and the Court considers the matter fully briefed and ripe for disposition.

**III.  STANDARD OF REVIEW**

The Court addresses the taxation of costs de novo. *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 673 F. App'x 141, 144 (3d Cir. 2016). Federal Rule of Civil Procedure 54(d) provides, in relevant part, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). To this end, "the rule creates the 'strong presumption' that costs are to be awarded to the prevailing party" and "[o]nly if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462, 468 (3d Cir. 2000). "Thus, if a district court, within its discretion, denies or reduces a prevailing party's award of costs, it must articulate its reasons for doing so." *Reger v. Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010) (citing *In re Paoli*, 221 F.3d at 468; *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir.

2007)).  But, a district court is not required to write an opinion or explain its reasoning "when it affirms a Clerk of Court's award of litigation costs."  *Id.* at 289.

    As a general rule, the following costs are recoverable by the prevailing party:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  When reviewing an award of costs, a district court "may consider . . . the losing part[y's] potential indigency or inability to pay the full measure of a costs award levied against them."  *In re Paoli*, 221 F.3d at 468.

### IV.  DISCUSSION

    On review, Robinson asks that the Clerk's award be set aside entirely because she is unable to pay given her alleged indigency.  (Docket No. 112 at 3).  Indigency is defined as being of "modest means," *In re Paoli*, 221 F.3d at 463, or "[t]he quality, state, or condition of a person who lacks the means of subsistence; extreme hardship or neediness; [or] poverty," *Indigency*, Black's Law Dictionary (11th ed. 2019).  "There are no hard and fast rules for assessing a losing party's indigency or inability to pay," but the Third Circuit has instructed district courts to "use their common sense" and "measure each Plaintiff's financial condition as it compares to whatever award the Court decides to tax against . . . her."  *In re Paoli*, 221 F.3d at 464 n.5.  Upon a finding of indigency, "a district court *may*, but need not *automatically*, exempt the losing party from paying costs."  *Kovalev v. City of Phila.*, No. 21-1904, 2021 WL 4490244, at *3 (3d Cir. Oct. 1, 2021) (quoting *In re Paoli*, 221 F.3d at 464).

After considering the totality of the evidence submitted by Robinson, the Court finds that she has not presented sufficient evidence to demonstrate that she is indigent and should be excused from paying the costs taxed by the Clerk of Court. To begin with, Robinson was not granted in forma pauperis status in this case, has not filled out the standard form for same and provides limited information about her financial resources and cash reserves in her Unsworn Declaration. (Docket No. 112-1); *see also* Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (AO 239). She reports not having a savings account but fails to provide the Court with the contents of any checking account, retirement fund, or cash reserves that she maintains. (*Id.* at ¶ 13). She discloses several assets—a restaurant, a home, and a car—but does not provide their estimated value. (*Id.*). While she claims that the restaurant is behind on rent, she does not report any expenses regarding the house and vehicle, such that the Court must conclude that she owns those assets outright.

What is more, from the financial information revealed in the Unsworn Declaration, the Court finds that Robinson has not shown that she is unable to pay the costs taxed by the Clerk of Court. Though she reports not receiving any compensation or income, Robinson is employed at a restaurant, Rockin Ribs, that she owns with her son. (Docket No. 112-1 at ¶¶ 7–11). Robinson avows that she is unmarried, does not receive financial support, and spends approximately $2,000 to $2,400 per month—$300 in credit card debt, $700 for cable and utilities, $600 for insurance and cell phones, and $100 to $200 weekly for food. (*Id.* at ¶¶ 13–16). But her expenses are matched or exceeded by her monthly income of $2,400—$1,800 in social security benefits and $600 from a prior employer's pension plan. (*Id.* at ¶ 12). In this Court's estimation, Robinson's financial situation is unlike those where district courts in the Third Circuit have found the losing party to be indigent. *See Yudenko v. Guarinni*, Civ. A. No. 06-cv-4161, 2010 WL 2490679, at *4 (E.D. Pa.

June 15, 2010) (finding that a party was indigent when he could not work due to disability, did not receive government assistance or benefits, had no assets, and owed $20,000 to the Court of Common Pleas); *Nein v. Tricam Indus., Inc.*, Civ. A. No. 16-3752, 2019 WL 4386400, at *2 (Sept. 13, 2019) (concluding that the plaintiff was unable to pay costs because he was homeless, unemployed due to disability, and received only $771 per month in social security benefits and food stamps). Accordingly, the Court declines to exercise its discretion to overrule the Clerk of Court's taxation of costs against Plaintiff.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief from Taxation of Costs [111] is denied. The Clerk's order that Robinson pay costs in the amount of $1,982.68 is affirmed. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: June 25, 2024

cc/ecf: Counsel of record